IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MICHAEL APPLEBY** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**PBR, INC.** )<br>**(d/b/a SKAPS INDUSTRIES)** )<br>**Defendant.** )<br>_____ ) | **CIVIL ACTION**<br>**NO. 3:25-CV-00040-TES** |

## CONSENT CONFIDENTIALITY PROTECTIVE ORDER

Based on the stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive commercial information, trade secrets, and personal identifying information, between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just, and that good cause as required by Local Rule 5.4(D) has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, responses to discovery requests, and deposition testimony.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c):

1. Definitions. As used in this protective order:

    a.    "Confidential Discovery Material" means discovery material designated as confidential under this Order;

    b.    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    c.    "discovery material" is any information of any kind, whether in documents, testimony, or any other form, provided in the course of this action;

    d.    "document" means information disclosed or produced in discovery, including at a deposition;

    e.    "notice" or "notify" means written notice;

    f.    "party" means a party to this action; and

    g.    "protected documents" means documents protected by a privilege or the work-product doctrine.

2. Any person subject to this Order—including, without limitation, the parties to this action, their attorneys, representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall not disclose

Confidential Discovery Material to anyone else except as expressly permitted by this Order.

3. Designating Discovery Material as Confidential

   a. The person producing any discovery material or portion of discovery material may designate it as "Confidential" when the discovery material contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

   b. The producing person or that person's counsel may designate a document or portion thereof confidential by stamping or otherwise clearly marking the document or protected portion of the document as "Confidential" in a manner that will not interfere with the legibility or audibility of the document.

   c. Deposition testimony may be designated as "Confidential" either:

      i. On the record during the deposition; or

      ii. By notifying the other party and those who were present at the deposition in writing within 21 days of receipt of the transcript.

    d.    If a witness is expected to testify as to confidential information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Discovery Material.

    e.    At any time prior to the trial of this action, any discovery material inadvertently produced without a "Confidential" designation may be designated by the producing person as "Confidential" by informing all parties in writing that the discovery materials should be treated as confidential under this Order.

4.    Who May Receive Confidential Discovery Material

    a.    Except as otherwise agreed upon by the parties, Confidential Discovery Material may only be used in this action.

    b.    Any person subject to this Order who receives from any person Confidential Discovery Material may not disclose the Confidential Discovery Material to anyone else except:

        i.    The parties to this action (subject to paragraph 4(c));

        ii.    Counsel retained specifically for this action, including any paralegal, clerical assistant or other assistant employed by such counsel and assigned to this matter;

      iii.      As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      iv.      Any witness whom counsel for a party in good faith believes may be called to testify at trial or a deposition in this action, provided that such person has first executed a Non-Disclosure Agreement in the form attached to this Order as Exhibit A;

      v.      Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order as Exhibit A;

      vi.      Court reporters, videographers, or stenographers retained in connection with this action; and

      vii.      The Court and its support personnel.

c.      In extraordinary circumstances, a party may supplement the "Confidential" mark with the words "Attorneys' Eyes Only," for any document, information, discovery responses, or thing that it in good faith reasonably believes is so highly sensitive that its disclosure could result in significant competitive or commercial disadvantage to the

        designating party. Materials so designated may not be revealed to another party.

    d.    If Confidential Discovery Material is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

5.    Non-Disclosure Agreement

    a.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 4(b)(iv) or 4(b)(v) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order as Exhibit A.

    b.    Counsel shall retain each signed Non-Disclosure Agreement until six (6) months after the conclusion of this action, including any appeals.

6.    Filing and Use of Confidential Discovery Material in Court

    a.    A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order.

    b.    Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

    c.    All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material shall be filed under seal with the Clerk. Pleadings, motions, or briefs which mention or reference a document containing Confidential Discovery Material, without disclosing the nature or contents of the protected information, shall not be sealed or filed in a redacted format. Where it is necessary for the parties to quote or disclose Confidential Discovery Material in pleadings, motions, or briefs, the parties shall file redacted versions of their pleadings, motions, or briefs.

    d.    The parties will use their reasonable best efforts to minimize the filing of Confidential Discovery Material under seal.

    e.    A party intending to present another party's or a non-party's Confidential Discovery Material at a hearing or trial must promptly notify the other party or non-party so that the other party or non-party may seek relief from the court.

7. Changing Confidential Discovery Material's Designation

    a.    Confidential Discovery Material disclosed or produced by a party will remain confidential unless the parties agree to change its designation or the Court orders otherwise.

9

    b.    Confidential Discovery Material produced by a non-party will remain confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

    c.    A party who objects to any designation of confidentiality, including a limit on disclosure (such as "Attorneys' Eyes Only"), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the parties cannot reach a prompt agreement about the objection, the parties may seek a ruling from the Court.

8.    Inadvertent Disclosure of Protected Documents

    a.    If, in connection with this action, a party inadvertently discloses or produces information subject to a claim of attorney-client privilege, work-product protection, or other privilege or protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information and its subject matter.

    b.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all

        copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The moving party shall seek to file the motion under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

    c.    A party who discovers that it may have received Inadvertently Disclosed Information or protected documents must promptly notify the disclosing or producing party or non-party.

    d.    A party who is notified or discovers that it may have received protected documents must comply with Federal Rule of Civil Procedure 26(b)(5)(B).

9.    Security Precautions

    a.    Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

    b.    A party that learns of a breach of confidentiality for any reason must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11

10. Termination of Action

    a. This Order shall survive the termination of this action.

    b. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.

    c. The Court retains jurisdiction to enforce this Order after the action is concluded.

11. This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

    IT IS SO ORDERED, this  15th day of   August  , 2025.

                                            s/Tilman E. Self, III
                                          TILMAN E. SELF, III, JUDGE
                                          UNITED STATES DISTRICT COURT

Submitted by:

**Counsel for Plaintiff**
<u>/s/Tilden Robert Reid, II</u>
T. Robert Reid
Georgia Bar No. 600138
T. Robert Reid, LLC
1030 Woodstock Road
Suite 3112
Roswell, Georgia 30075
(678) 743-1064
robreidattorney@gmail.com

**Counsel for Defendant**
<u>/s/Peter John Wozniak</u>
Peter John Wozniak
Georgia Bar No. 875474
Anne Harris (*pro hac vice*)
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
(312) 995-6333
pwozniak@kslaw.com
anne.harris@kslaw.com